Parker C. J.
delivered the opinion of the Court. This cause has properly been put by the counsel upon the question, whether the verdict can be sustained upon the principle declared in the case of Bangs v. Hall; for the Court are by no means disposed to shake that case, it having been decided on very great deliberation, and after a thorough examination of the multitude of cases which have sprung out of the statute of limitations.
The principle of the case of Bangs v. Hall is, that to take a contract out of the statute of limitations, there must be an acknowledgment of indebtedness, or an absolute or conditional promise to pay, within six years before the commencement of the suit.[1]
In regai’d to the evidence by which those facts may be proved, no rule was laid down, nor was it necessary to lay down any, because the common and known rules of evidence will apply as well to the proof of these facts, as of any others. Direct and positive proof of an acknowledgment or promise in any set form of words, is not required.[2] It may be inferred from facts without any words: as from the payment of part of the contract, or giving security for part or the whole, within the six years. So also, if there be words of acknowledgment or promise, without declared reference *116 to the debt in question, it is for the jury to decide irom me circumstances in evidence, whether reference was had to the debt which is sought to be recovered. Upon this exposition we think it very clear, that the verdict in this case, which establishes the promise as made within six years, is well supported by the evidence reported.
The sum of 900 dollars was paid on the 21st of April, 1821, without any direction of the defendant as to the par ticular notes to which it should be applied, though it appears that certain notes, other than those in suit, were given up to the defendant on that payment; so that that payment cannot be evidence of an acknowledgment or promise in relation to the notes in suit; and with respect to the indorsements of interest, that by Mr. Hinds does not appear to have been made by authority from the defendant, and the other was made by the plaintiff himself. It is well settled, that a mere indorsement by the plaintiff himself, without the knowledge of the defendant, or proof of payment of the sum indorsed, will not avoid the operation of the statute.[1] But the testimony of Sawyer, that he understood the payment was made by the defendant to lessen the debt secured by mortgage, is quite equivocal, because that purpose was answered by paying the notes which were taken up. It may well be doubted, under these circumstances, whether any sufficient evidence is derived from the payment of the 900 dollars or the indorsement of interest.
But the testimony of Sawyer, of the declarations of the defendant about two years before the trial, is of a different character. He, with the defendant, was going to see the plaintiff, and the defendant complained that the plaintiff was driving him too fast, and said he was willing to pay, but could not get the money. This, if spoken in relation to the debt in suit, was evidence of an acknowledgment of indebtedness, and a willingness to pay, on which an implied promise would be raised by the law. Now, whether the declarations referred to this debt or to some other, was a fact to be tried by the jury, and they were at liberty to infer the fact from the cir *117 cumstances proved ; and no other debt or demand against the defendant in favor of the plaintiff being shown to exist, we do not well see how any other inference could be made.* , [2]
We do not perceive that this evidence is less forcible on account of the declarations having been made in the absence of the plaintiff. An original promise must be made to the party, or some one authorized to receive it; but an acknowledgment is an independent fact, which, wherever made, if clear and unequivocal, defeats the operation of the statute.* , [3]

 The decision in the case of Bangs v. Hall seems not to have been affected by St. 1834, c. 182, § 1, (Revised Stat c. 120, § 13,) so for as that decision settled the nature of the promise or acknowledgment which would be held sufficient to take a case out of the statute of limitations; since the statute above cited does not alter the law as to the nature of the promise or acknowledgment, but merely substitutes a different mode of proof. See Bangs v. Hall, 2 Pick. (2nd ed) 380, n. (1); Sigourney v. Drury, 14 Pick. 390; Dickenson v. Hatfield, 5 Carr. & Payne, 46; S. C. 1 Moody & Rob. 141; Haydon v. Williams, 7 Bingh. 163; S. C. 4 Moore & Payne, 811.

 See 2 Stark. Ev. (5th Amer. ed.) 479 to 482, notes.

 See Revised Stat c. 120, § 17. As to indorsements on a bond, see 2 Stark. Ev. (5th Amer. ed.) 188,189,

 See Baillie v. Lord Inchiquin, 1 Esp. R. 435; Frost v. Bengough, 1 Bingh. 266; 2 Stark. Ev. (5th Amer. ed.) 482.

 Peters v. Brown, 4 Esp. R. 46, ace.

 Oliver v. Grayl 1 Harr. & Gill. 204; 2 Stark. Ev. (5th Amer. ed.) 483.